**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THINK COFFEE LLC,<br><br>                Plaintiff,<br>  v.<br><br>FOUR SIGMA FOODS, INC.<br>and FUNGUYS, INC.<br><br>                Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Think Coffee LLC ("Think Coffee" or "Plaintiff"), by and through its undersigned counsel, brings this civil action against defendants Four Sigma Foods, Inc. ("Four Sigma") and Funguys, Inc. ("Funguys") (Four Sigma and Funguys collectively referred to as "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for: (a) registered trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); (b) trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (c) unfair competition in violation of New York common law.

2. Since 2006 Plaintiff Think Coffee has been a renowned importer, roaster and retailer of coffee and is the owner of the federally registered trademarks for Think Coffee® in connection with those goods and services. Think Coffee and its subsidiaries operate eleven Think Coffee brand cafés in New York City. Think Coffee also sells individual packages of Think Coffee® brand coffee at its Think Coffee café locations, through its e-commerce website (thinkcoffee.com) and on grocery store shelves throughout the New York City metropolitan area.

3. In connection with its individual packages of coffee, Think Coffee® brand coffee

uses packaging that prominently displays the Think Coffee® trademark as depicted below:



4. Think Coffee also sells Think Coffee® brand packaged coffee to its wholesale accounts, which include hotels, restaurants, and offices. Think Coffee also has café locations in Seoul, Korea and Tokyo, Japan where individual packages of Think Coffee® brand coffee are also sold through various licensing arrangements.

5. Defendants sell coffee blends that contain mushrooms. This action stems from the Defendants' unlawful and willful use of the Think Coffee® trademark to sell their own brand of "Think" coffee on their competing website, in their retail store in New York City, and also on grocery store shelves, including grocery stores in the New York City metropolitan area.

6. There is no doubt that Defendants' infringing use of "Think" Coffee on their coffee products is willful. Think Coffee first contacted Defendants when it became aware of Defendants' "Think" packaging shown below:

2



7. After being informed of Think Coffee's superior trademark rights, Defendants did not stop their use of "Think" on their packaging, but instead decided to make that use even more prominent, as shown below:



8. Defendants' blatant and ongoing use of "Think" and "Think Organic Coffee" in connection with the sale of their packaged coffee product is causing irreparable harm to Think Coffee. Defendants' unauthorized use of the Think Coffee® trademark is not only likely to cause confusion, but it has already created actual confusion among consumers.

3

9. Defendants have also caused Think Coffee to lose sales, particularly sales of individual packages of coffee online, in Think Coffee's retail stores and on grocery store shelves. At the same time, Defendants have unfairly profited from their confusing and unlawful use of the Think Coffee® trademark.

10. Defendants' actions are unfairly eroding the goodwill Think Coffee has built up over the past eighteen years. Among other things, Defendants sell an inferior product, a pre-ground coffee blend that may sit for days, weeks or months on grocery store shelves. Consumers who buy their product expecting and believing it to be coffee emanating from Think Coffee will be disappointed, and unlikely to purchase Think Coffee's products again in the future.

## THE PARTIES

11. Plaintiff Think Coffee is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 248 Mercer Street, New York, New York 10012.

12. Upon information and belief, Defendant Four Sigma Foods, Inc. is a Delaware corporation with its principal place of business at 1450 2nd Street, Suite 210, Santa Monica, California 90401.

13. Upon information and belief, Defendant Funguys, Inc. is a Delaware corporation with its principal place of business at Apt. 2C, 630 1st Avenue, New York, New York 10016.

14. Defendants sell packaged products containing mushrooms. Upon information and belief, in or about January of 2023, Defendants began selling a coffee blend they call "Think," or "Think Organic Coffee" (the "Infringing Product").

15. The Infringing Product is available for sale online through Defendants' own website (us.foursigmatic.com), through online retailers such as Amazon, and in grocery stores, including grocery stores located in New York City, such as Whole Foods Market and Wegman's.

16. In addition, Defendants sell the Infringing Product to consumers at their "Shroom Room" store located at 102 Thompson Street, New York, New York, which is approximately a half mile from Plaintiff's principal place of business and less than 100 meters from a café whose primary business is selling coffee imported and roasted by Think Coffee.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over Think Coffee's claims brought pursuant to the Federal Lanham Trademark Act (15 U.S.C. § 1121 *et seq*.), pursuant to 28 U.S.C. §§ 1331 and 1338.

18. Upon information and belief, personal jurisdiction is proper over Defendants in this Judicial District because, among other things:

   a. Defendant Funguys is domiciled in New York State.

   b. Each Defendant continuously and systematically does business in this Judicial District and in New York State.

19. Upon information and belief, personal jurisdiction is proper over Defendants in this Judicial District because each Defendant transacts business and contracts to supply goods and/or services in New York State, and Plaintiff's claims relate to those activities.

20. Upon information and belief, personal jurisdiction is proper over Defendants in this Judicial District because each Defendant committed tortious acts against Plaintiff in New York State, where Plaintiff is domiciled.

21. Upon information and belief, personal jurisdiction is proper over Defendants in this Judicial District because each Defendant committed tortious acts outside of New York State, causing injury to Plaintiff and consumers in New York State, and Defendants regularly do or solicit business in New York State, engage in other persistent courses of conduct in New York State, and/ or derive substantial revenue from goods used or consumed or services rendered in New York State.

22. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### I. Think Coffee Has Built a Successful Business and Brand Over the Past Eighteen Years

23. Think Coffee was established in or about 2006. Through its subsidiaries, Think Coffee owns and operates eleven café locations in New York City as well as a coffee roasting and baking facility in Brooklyn, New York. Think Coffee imports, roasts and packages coffee for sale direct to consumers and to wholesale accounts, including office and hospitality accounts.

24. In 2006, Think Coffee opened its first café location at 248 Mercer Street, New York, New York 10012, which remains its current principal place of business.

25. Think Coffee has developed substantial goodwill and a reputation among consumers as a seller of high-quality, responsibly sourced packaged coffee.

### II. Think Coffee's Trademarks

26. In or about 2006, Think Coffee applied for federal trademark registrations for the word mark "Think Coffee" and for its Think Coffee® logo. In or about 2007, Think Coffee obtained those federal registrations.

27. Since its founding in 2006, Think Coffee has done business exclusively under the name "Think Coffee," and it has at all times sold packaged, roasted coffee under its registered marks.

28. The Think Coffee® Trademarks have established wide ranging and enormous goodwill. They are synonymous with Think Coffee's high-quality goods and services, in the United States and abroad. Millions of customers have entered Think Coffee's doors over the last 18 years at its locations in New York City, Seoul and Tokyo.

29. At all relevant times, Think Coffee is and has been the owner of the following valid and subsisting registered trademarks (collectively, the "Think Coffee® Trademarks"):

| Trademark | Reg. No. | Goods/Services |
|---|---|---|
| think coffee. (logo) | 7161131 | Class 30: Coffee; Cold Brew coffee |
| think coffee (logo) | 3856559 | Class 43: Restaurant, cafe and coffee house services |
| THINK COFFEE | 3262911 | Class 43: Restaurant, cafe and coffee house services |

30. True and correct copies of the federal trademark registrations for the Think Coffee® Trademarks are attached hereto as **Exhibit A**.

31. True and correct images of Think Coffee's product packaging are attached hereto as **Exhibit B**.

III. **Defendants' Willful Infringement of the Think Coffee® Trademarks**

32. In or about January of 2023, Think Coffee discovered that Defendants were

7

selling a product labeled "Think Ground Coffee" online and at a Whole Foods Market location in New York, New York.

33.     Defendants' packaging included the word "Think" in close proximity to the word "Coffee."  The font size of the word "THINK" on the Infringing Product was approximately: (a) one fourth (1/4) the font size of the Defendants' brand name "Four Sigmatic;" (b) half (1/2) the size of, and less bold than, the words "Ground Coffee;" and (c) roughly the same size and prominence as the word "MUSHROOM" (the "January 2023 Packaging").  A true and correct copy of the January 2023 Packaging is attached hereto as **Exhibit C**.

34.     On February 6, 2023, Think Coffee, through its attorneys, apprised Defendant Four Sigma of Think Coffee's trademark rights, and demanded that Four Sigma cease and desist from its unauthorized use of the Think Coffee® Trademarks.  A true and correct copy of the February 6, 2023 letter to Four Sigma is attached hereto as **Exhibit D**.

35.     In the ensuing months, counsel for Plaintiff engaged in negotiations with counsel for Defendants regarding the January 2023 Packaging and Defendants' use of the words "Think" and "Coffee" to identify their coffee blend product.

36.     In or around September of 2023, while negotiations with Defendants were ongoing, Think Coffee discovered that Defendants had fundamentally changed the packaging for the Infringing Product (the "New Infringing Packaging").

37.     The word "Think" which on the January 2023 Packaging was approximately one fourth (1/4) the size of the words "Four Sigmatic," was now present on the New Infringing Packaging far larger and bolder than the name "Four Sigmatic".  The word "Think" had now become the most prominent word on the New Infringing Packaging, and it remained in close

proximity to the word "Coffee." A true and correct copy of the New Infringing Packaging is attached hereto as **Exhibit E**.

38. At no time during the parties' active negotiation did Defendants' counsel inform Think Coffee's counsel that Defendants were in the process of redesigning their packaging to make the words "Think" and "Coffee" more prominent on the Infringing Product.

39. On February 23, 2024, Defendants provided a mock-up that was virtually identical to their existing packaging with the word "Think" only minimally reduced in size, as shown below. A true and correct copy of Defendants' mock-up is attached hereto as **Exhibit F**.




Current                                    THINK at 75%

**IV.    Defendants are Causing Irreparable Harm to Think Coffee, its Trademarks and Goodwill**

40. As of the date hereof, Defendants continue to sell the Infringing Product online, at their retail store in Manhattan, and to grocery stores located in the New York City area, all in knowing violation of the Think Coffee® Trademarks.

9

41. When consumers purchase Defendants' Infringing Products they are less likely to think favorable of Think Coffee's trademarks and products than if they would have purchased coffee directly from the Plaintiff under the Think Coffee® brand.

42. If a consumer has a negative experience with the Infringing Products, and wrongfully attributes said product to Think Coffee, the consumer may decide not to consume, or purchase Think Coffee's coffee in the future, or may chose not to visit Think Coffee® branded café locations causing Think Coffee irreparable harm, among other damages.

### A. Defendants' Products Are Causing Actual Consumer Confusion

43. Defendants' actions have caused, and if not permanently enjoined, will continue to cause actual confusion between Defendants' Infringing Products and Think Coffee's products.

44. For example, on or about December 7, 2023, a longtime Think Coffee customer bought a bag of the Infringing Product at the Wegman's grocery store at 21 Flushing Avenue, Brooklyn, New York. The customer reported to Think Coffee that he "was excited" to purchase the product because he believed it was a Think Coffee product and that he "didn't consider for a second" that it could be any brand other than Think Coffee. It was not until after he completed his purchase and brought the Infringing Product home that he realized it was not Think Coffee.

### B. Defendants' Products Are of Inferior Quality and Are Eroding Think Coffee's Goodwill

45. Defendants' Infringing Product is a pre-ground coffee blend. Unlike whole bean coffee, such as is sold by Think Coffee, pre-ground coffee degrades quicker and is generally considered to have an inferior flavor profile. Moreover, upon information and belief, the coffee beans used by Defendants in their Infringing Product are of much lower grade and quality than Think Coffee's coffee beans. Think Coffee's single origin coffees, and its blends, are painstakingly sourced directly from farmers around the world.

46. A consumer familiar with Think Coffee's products will likely be disappointed by the quality and flavor of Defendants' pre-ground, mushroom-infused coffee blends. In some cases, that consumer may never come to understand that the Infringing Product is not a genuine Think Coffee product and will mistakenly believe that Think Coffee is now offering an inferior product. That consumer may decide never to drink coffee from Think Coffee again. It may never be possible for Think Coffee to regain consumers' lost trust after having a negative experience with the Infringing Product.

47. Defendants' actions are unfairly and irreparably eroding the goodwill Think Coffee has built with consumers by consistently providing quality coffee to consumers for the past eighteen years.

### C. Defendants Are Usurping the Market for Think Coffee's Sales, Including at Grocery Stores in the New York City Area

48. Upon information and belief, Defendants' Infringing Product is unfairly usurping Think Coffee's market share, both online and in grocery stores.

49. Before Defendants' Infringing Products entered the market, Think Coffee's packaged coffee was sold on the shelves of approximately 50 grocery stores throughout New York City. Since Defendants' Infringing Products have become available in the New York City area, and markedly so since Defendants introduced the New Infringing Packaging, Think Coffee has struggled to get further shelf space. Upon information and belief, this is because the Infringing Product prominently bearing the words "Think" and "Coffee" is already sitting on those shelves.

50. Moreover, Defendants have taken the position that the use of "Think" on their Infringing Product is not a trademark use, but instead merely identifies one of their product lines. Defendants claim that they also sell other product lines, such as "Focus,"

11

"Balance" and "Boost." However, as shown in the photo below, the only product of Defendants that Think Coffee has ever seen on grocery store shelves in the New York City area is "Think."



51. Upon information and belief, Defendants' Infringing Product is the only one of their products sold in grocery stores in the New York City area because of its popularity, which is due to its false association with Think Coffee and the Think Coffee® Trademarks.

52. In sum, as a direct and proximate result of the foregoing, Think Coffee has suffered, and unless Defendants' conduct is enjoined by this Court, will continue to suffer, actual economic damages in the form of lost sales, revenues, and profits, and irreparable harm to Think Coffee's brand value, reputation, and goodwill, for which Think Coffee has no adequate legal remedy.

**FIRST CLAIM FOR RELIEF**

**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

53. Think Coffee realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

54. Defendants, independently and in conspiracy with one another, used in commerce, without Think Coffee's consent, either a reproduction, counterfeit, copy, or colorable imitation of one or more of the registered Think Coffee® Trademarks, in connection with the sale, offering for sale, distribution, or advertising of Defendants' Infringing Product, and such

12

use by Defendants has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive consumers.

55. Defendants' actions constitute willful infringement of Think Coffee's exclusive rights in and to the Think Coffee® Trademarks, which are registered on the Principal Register, and which Think Coffee owns and has the exclusive right to enforce.

56. As a direct and proximate result of Defendants' willful misconduct, Think Coffee has suffered economic damages and irreparable harm to the value and goodwill associated with the registered Think Coffee® Trademarks, and irreparable harm to Think Coffee's reputation in the industry.  Unless Defendants are restrained and enjoined from buying, selling, or otherwise distributing the Infringing Products, or counterfeiting or infringing the Think Coffee® Trademarks, Think Coffee will continue to be economically damaged and irreparably harmed.

57. As a direct and proximate result of Defendants' willful misconduct, Defendants have earned illicit profits, and Think Coffee has suffered lost profits from lost sales, in amounts not yet known but to be determined at trial.

58. Think Coffee has no remedy at law that could compensate it for the continued irreparable harm caused by Defendants' purchase, sale, and other distribution of the Infringing Products, and counterfeiting and infringement of the Think Coffee® Trademarks. Accordingly, Think Coffee seeks, and is entitled to, preliminary and permanent injunctive relief.

59. Think Coffee is also entitled to statutory damages, enhanced damages, and/or reasonable attorneys' fees, in amounts not yet known, but to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN AND
TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))**

60. Think Coffee realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

61. Defendants, independently and in conspiracy with one another, and in connection with their purchase, sale, and other distribution of the Infringing Products, used in commerce a slogan, trade dress, word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with Think Coffee.

62. Without limitation, Defendants willfully sold the Infringing Products bearing counterfeit and infringing versions of the Think Coffee® Trademarks and infringed Think Coffee's nationwide common-law rights therein.

63. As a direct and proximate result of Defendants' willful misconduct, Think Coffee has suffered, and is suffering, economic damages and irreparable harm to the value and goodwill associated with their common-law and registered trademarks, and associated reputations, brand values, and goodwill.

64. Unless Defendants are restrained and enjoined from further infringement of the Think Coffee® Trademarks, Think Coffee will continue to be economically damaged and irreparably harmed.

65. Think Coffee has no adequate remedy at law that could compensate it for the continued and irreparable harm it has suffered, and will continue to suffer, if Defendants'

14

purchase, sale, and other distribution of the Infringing Products is allowed to continue.  Thus, Think Coffee seeks, and is entitled to, preliminary and permanent injunctive relief.

66. As a direct and proximate result of Defendants' willful misconduct, Defendants have earned illicit profits, and Think Coffee has suffered lost profits from lost sales, in amounts not yet known but to be determined at trial.

67. Think Coffee is entitled to damages, trebled damages, and/or reasonable attorneys' fees, in amounts not yet known, but to be determined at trial.

## THIRD CLAIM FOR RELIEF

## UNFAIR COMPETITION – NEW YORK COMMON LAW

68. Think Coffee realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

69. In violation of the common law of the State of New York and elsewhere, Defendants have unfairly competed with Think Coffee by manufacturing, selling, offering for sale, and/or distributing the Infringing Products and therefore appropriating a distinctive portion of the Think Coffee® Trademarks.

70. Defendants' willful misconduct caused confusion and uncertainty in Think Coffee's business by deceiving and misleading the public, who with such reasonable care and observation as the public generally is capable of using and may be expected to exercise, is likely to mistake Defendants' counterfeit products with those sold by Think Coffee.

71. As a direct and proximate result of Defendants' willful misconduct, Think Coffee has suffered irreparable harm to the value and goodwill associated with the Think Coffee® Trademarks and their reputation in the industry.

15

72. Unless Defendants are restrained from further infringement of the Think Coffee® Trademarks, Think Coffee will continue to be irreparably harmed.

73. Think Coffee has absolutely no adequate remedy at law that will compensate for the continued, irreparable harm that it will suffer if Defendants' willful misconduct is allowed to continue.

74. As a direct and proximate result of Defendants' willful misconduct, Think Coffee has suffered damages to the valuable Think Coffee® Trademarks and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Think Coffee demands judgment against Defendants as follows:

1. For judgment for Think Coffee that:

    a. Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b. Defendants have violated Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) (unfair competition, false designation of origin, common-law trademark infringement);

    c. Defendants have unfairly competed with Think Coffee in violation of New York law; and

    d. In all instances, Defendants acted in bad faith, willfully, intentionally, and/or in malicious disregard of Think Coffee's lawfully protected rights.

2. For an order preliminarily and permanently enjoining Defendants, their agents, their servants, their employees, and their officers, and all those acting in concert or participation with them, who receive actual notice by personal service or otherwise, pending the final hearing and determination of this action, from directly or indirectly, anywhere in the world:

    a. Manufacturing, making, buying, purchasing, importing, shipping, delivering,

      advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any product bearing the word "Think;"

   b. In any way infringing or damaging the Think Coffee® Trademarks, or the value or goodwill associated therewith;

   c. Attempting, causing, or assisting in any of the above-described acts, including but not limited to enabling others in the above-described acts, or passing on information to others to allow them to do so; and

   d. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

3. For an order:

   a. Requiring Defendants to account for and pay over to Think Coffee all profits derived from their wrongful misconduct to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

   b. Requiring Defendants to account for and pay to Think Coffee enhanced damages resulting from their wrongful misconduct to the full extent provided for by Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

   c. Awarding any and all other damages permitted by the Lanham Act, including compensation for damage to the value of Think Coffee's trademarks, its reputation among U.S. consumers, their goodwill, and other damages in an amount not yet known, but to be proved at trial;

   d. Requiring Defendants to account for and pay over to Think Coffee all profits derived from their wrongful misconduct to the full extent provided for by New

York common law.

e. Awarding Think Coffee its costs of suit, including reasonable attorneys' fees and investigation costs; and

f. Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Think Coffee hereby demands a trial by jury on all claims and issues so triable.

Dated: March 15, 2024                    Respectfully submitted,

VENABLE LLP

/s/Marcella Ballard
By: Marcella Ballard
MBallard@Venable.com
Maria Sinatra
MRSinatra@Venable.com
151 West 42nd Street, 49th Floor
New York, NY 10036
Phone: 212-307-5500
Fax: 212-307-5598

*Attorneys for Plaintiff Think Coffee LLC*