## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THINK COFFEE LLC,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>FOUR SIGMA FOODS, INC., and FUNGUYS, INC.,<br><br>　　　　*Defendants*. | CIVIL ACTION NO. 1:24-cv-01963 (LAK) |

**FOUR SIGMA FOODS, INC.'S AND FUNGUYS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Four Sigma Foods, Inc. and Funguys, Inc. answer Plaintiff Think Coffee LLC's Complaint (Dkt. #1) as follows:

### Nature of the Action

1. Defendants admit that Plaintiff's complaint contains allegations of trademark infringement, false designation of origin, and unfair competition. Defendants deny that the allegations have any merit and deny that Plaintiff is entitled to any relief.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and therefore deny them.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore deny them.

5. Defendants admit that they sell coffee containing mushroom extracts. Defendants deny the remaining allegations in Paragraph 5.

1

6. Defendants deny that their use of the word "Think" to convey that word's ordinary meaning for coffee infringes or violates any rights owned by Plaintiff. In view of this denial, Defendants further deny that any infringement is willful. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 and therefore deny them.

7. Defendants admit that they did not stop using the word "Think" after Plaintiff contacted Defendants and deny that they were required to do so. Defendants deny the remaining allegations of Paragraph 7.

8. Denied.

9. Denied.

10. Denied.

**The Parties**

11. Defendants are without information sufficient to form a belief about the allegations in Paragraph 11 and therefore deny them.

12. Admitted.

13. Defendants admit that Funguys, Inc. is a Delaware corporation. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that they sell packaged coffee products containing mushroom extracts and that they use the word "Think" to communicate the product's attributes. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that the products at issue in this case are available for sale online and through various grocery stores located in New York City. Defendants deny the remaining allegations in Paragraph 15.

16.     Denied.

## Jurisdiction and Venue

17.     The allegations in Paragraph 17 comprise a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Defendants deny any liability and deny that Plaintiff is entitled to any relief.

18.     The allegations in Paragraph 18 comprise a legal conclusion to which no response is required.  To the extent a response is required, Defendants respond as to subsection (a) that Funguys, Inc. is domiciled in the State of New York and as to subsection (b) that Defendants do business in this District and in the State of New York.  Defendants deny any remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 comprise a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit this Court has personal jurisdiction solely for the purposes of this case.  Defendants deny any remaining allegations in Paragraph 19.

20.     The allegations in Paragraph 20 comprise a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit this Court has personal jurisdiction solely for the purposes of this case.  Defendants deny the remaining allegations in Paragraph 20.

21.     The allegations in Paragraph 21 comprise a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit this Court has personal jurisdiction solely for the purposes of this case.  Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 comprise a legal conclusion to which no response is required. To the extent a response is required, Defendants are not contesting venue for purposes of this case. Defendants deny any remaining allegations in Paragraph 22.

## Facts Common to All Claims

23. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and therefore deny them.

24. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and therefore deny them.

25. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and therefore deny them.

26. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and therefore deny them.

27. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and therefore deny them.

28. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and therefore deny them.

29. Defendants admit that USPTO records list Plaintiff as the current owner of U.S. Registration Nos. 7161131, 3856559, and 3262911. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 29 and therefore deny them.

30. Defendants admit Exhibit A appears to contain copies of trademark registrations for U.S. Registration Nos. 7161131, 3856559, and 3262911.

31. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and therefore deny them.

32. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore deny them.

33. Defendants admit that Exhibit C appears to be a copy of Defendants' packaging, which speaks for itself. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that Exhibit D appears to be a copy of a letter dated February 6, 2023 from Plaintiff, which speaks for itself. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that the parties have engaged in negotiations to try and resolve their dispute. Defendants deny the remaining allegations in Paragraph 35.

36. Denied.

37. Defendants admit that Exhibit E appears to be a copy of an iteration of Defendants' packaging, which speaks for itself. Defendants deny the remaining allegations in Paragraph 37.

38. Denied.

39. Defendants admit that Exhibit F appears to be a mock-up of Defendants' packaging. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants admit that the products at issue in this case are sold through various trade channels. Defendants deny the remaining allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 44 and therefore deny them.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and therefore deny them.

50. Defendants admit that they have taken the position that they use the word "Think" to convey an attribute of a product line and that they have used other words to do so, including "Focus," "Balance," and "Boost." Defendants lack knowledge or information sufficient to confirm the authenticity of the photograph in Paragraph 50 and therefore deny the remaining allegations in this paragraph.

51. Denied.

52. Denied.

### Answering Section Entitled "First Claim for Relief Federal Trademark Infringement (15 U.S.C. § 1114)"

53. Defendants restate and incorporate by reference their responses and denials to Paragraphs 1 through **Error! Reference source not found.** of the Complaint as if fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**Answering Section Entitled "Second Claim for Relief
False Designation of Origin and Trademark Infringement (15 U.S.C. § 1125(a))"**

60. Defendants restate and incorporate by reference their responses and denials to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

**Answering Section Entitled "Third Claim for Relief
Unfair Competition – New York Common Law"**

68. Defendants restate and incorporate by reference their responses and denials to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**Affirmative Defenses**

1. As an amplification of Defendants' denials that no likelihood of confusion exists, Defendants allege the following.

2. The term "think" is exceptionally weak both conceptually and commercially for coffee products. In terms of conceptual weakness, coffee has long been associated with having certain cognitive benefits. The term "think" directly suggests those benefits. The ability to improve thinking is such an important part of the real or perceived virtue of coffee in the eyes of the consuming public that countless third parties offering coffee products (as well as related products such as energy drinks, juice drinks, and nutritional supplements) have incorporated the term "think" into product names for decades. Below are some examples:

- **Think Mushroom Coffee**: ground instant coffee



- **Think Tonic**: nootropic coffee crafted to promote mental clarity, focus, and overall brain health



- **T.H.I.N.K. Coffee**: a group of drive-thru coffee shops



- **Thinkingcup Boston**: a coffee shop in Downtown Boston



- **Think Tank Coffee Shop**: a coffee shop on University of Montana's campus



9

- **Thinkwell**: a specialty coffee shop and coffee roaster



- **Think cup**: a retailer of coffee cups



- **Vive Think Drink**: nootropics-flavored drink



10

- **Think Juice**: herbal juices marketed to "heal the mind"



3. The above third-party uses confirm that, in addition to its conceptual weakness, the term "think" is commercially weak in relation to coffee and other health-related beverages.

4. Consistent with the saturation and coexistence of "think" coffee and beverage products in the marketplace, the U.S. Patent and Trademark Office has likewise recognized the weakness of the term "think" in this field and registered numerous THINK-formative marks for coffee, energy drinks, beverages, and supplements. For example:

| Mark | Relevant Goods | Reg. No. / Issuance Date |
|---|---|---|
| THINK CUP | Coffee, coffee pods, and coffee beverages | 4778981 / July 21, 2015 |
| THINK SHARP | Coffee-flavored beverages | 6571404 / Nov. 30, 2021 |
| Think Distributors (logo) | Coffee | 7061897 / May 23, 2023 |
| THINK WELL | Bottled, drinking, mineral, and purified water | 6924753 / Dec. 13, 2022 |
| THINK POSITIVE | Energy drinks | 4603175 / Sept. 9, 2014 |
| THINK! | Dietary food supplements | 3260253 / July 10, 2007 |
| THINK REMEDY | Nutritional supplements | 6593457 / Dec. 21, 2021 |

5. When considering the extremely narrow scope of protection to which Plaintiff's mark is entitled, the overall differences between the parties' marks in appearance and commercial impression—including the visually distinct packaging and the prominent use of Defendants'

11

FOUR SIGMATIC house mark at the top of the packaging—are more than sufficient to make confusion unlikely:

 

6. Additionally, Defendants adopted the term "Think" in good faith. Defendants long intended to launch a brand using the word "think" to emphasize a specific feature of its lion's mane-infused coffee, as lion's mane is an adaptogen widely known to enhance mental focus and support brain health. Indeed, this is exactly how Defendants market their product, with "Mental Focus" appearing prominently on the packaging and the website highlighting this functional aspect:

 

7. Plaintiff's claims are barred by waiver, laches, estoppel, and/or acquiescence.

8.  Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, under the Lanham Act, and in law or in equity that may now exist or in the future be available based on discovery and further factual investigation of this case.

## **Prayer for Relief**

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed in its entirety with prejudice; that judgment be entered in Defendants' favor; that Plaintiff be denied all relief requested in the Complaint (including injunctive relief, damages, and attorneys' fees); and that Defendants be awarded costs and attorneys' fees.

Dated:  June 20, 2024                Respectfully submitted,

/s/ Naresh Kilaru
Naresh Kilaru (NY Bar No. 4152161)
naresh.kilaru@finnegan.com
Douglas Rettew (admitted *pro hac vice*)
doug.rettew@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC  20001
Telephone:    (202) 408-4000
Facsimile:     (202) 408-4400

*Attorneys for Defendants Four Sigma Foods, Inc. and Funguys, Inc.*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 20, 2024 a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

/s/ *Ashley Dial*